CLAMPITT et al. v. KINGSVILLE LUMBER CO.

No. 8976.

Court of Civil Appeals of Texas. San Antonio.

Jan. 11, 1933.

Rehearing Denied March 1, 1933.

Sidney P. Chandler, of Corpus Christi, for plaintiffs in error.

Gus L. Kowalski, of Kingsville, for defendant in error.

FLY, Chief Justice.

Defendant in error filed this suit against W. A. Clampitt and J. E. Barnhill upon an account in the sum of $2,972.67, alleged to be due for material and money furnished said Clampitt. It was alleged that Clampitt had been in the employment of the lumber company, and was engaged in building houses for those who might buy material for the same; that Clampitt had, in violation of the trust, built a dwelling house for himself on his own lots and reported to the lumber company that the house was built for another and secured by a lien, all of which was false and done for the purpose of defrauding said lumber company out of the value of the material furnished him. It was alleged that, after the house had been erected, Clampitt sold the lot and house to J. E. Barnhill on credit, and he was paying for the same in small payments. The lumber company sought a recovery against Clampitt for the sum due for the material furnished to build the house and for the establishment of a lien thereon, and that it have judgment against Barnhill for any sum remaining unpaid on the property.

The court submitted the cause to a jury on nineteen special issues, and upon the responses thereto rendered judgment in favor of defendant in error, the Kingsville Lumber Company, as follows:

"It is therefore, now here on this the 19th day of September, A. D. 1931, ordered, adjudged and decreed by the court, that a constructive trust be and the same is hereby impressed in favor of plaintiff upon lots nine (9) and ten (10) in block nine (9) of Brooks addition to the town of Kingsville, in Kleberg county, Texas, together with the improvements thereon situated, and that plaintiff recover of and from the defendant W. A. Clampitt all of the right, title and interest of the said W. A. Clampitt in and to said land and premises and improvements, and the said W. A. Clampitt is hereby divested of all right, title and interest therein;

"It is further ordered, adjudged and decreed by the court that the plaintiff be and it is hereby subrogated to all of the rights of the said W. A. Clampitt in and to that certain contract in writing entered into between W. A. Clampitt and J. E. Barnhill, dated August 31st, 1928, relating to the sale by said Clampitt to said Barnhill of the

above described land and premises; and that defendant J. E. Barnhill be and he is hereby ordered to pay to plaintiff, the Kingsville Lumber Company, all past due installments on demand, and all other installments to become due and payable as they mature, together with all interest due and to become due thereon, as provided in said contract, and according to the tenor and effect of the promissory note described in said contract, and the said contract and note are hereby cancelled in so far as the rights of defendant W. A. Clampitt are concerned therein; and the defendant Barnhill is hereby relieved from any further obligation to defendant Clampitt under said contract; and plaintiff is hereby given a lien upon said land and premises as against defendant Barnhill to secure the payment of the unpaid installments under and of said contract and note;

"And it is further ordered, adjudged and decreed that the plaintiff, the Kingsville Lumber Company, have judgment against defendant Clampitt for the amount paid to him by defendant Barnhill under said contract, to-wit, the sum of eight hundred sixty and 85/100 ($860.85) dollars, less the sum of four hundred ($400.00) dollars, being the sum of four hundred sixty and 85/100 ($460.85) dollars, together with interest thereon from date hereof at the rate of six per cent. per annum, for which plaintiff may have its execution."

Clampitt was a trusted employee of defendant in error, and had absolute control of that part of its business connected with the furnishing of building materials and the erection of houses with the same, and had charge of all books and accounts relating to the same. He at times made reports of his activities in the furnishing of material and the erection of houses. He reported that the house afterwards claimed by him was erected for one Barker, when in deed and in truth it was erected on the land of Clampitt and for himself, and he afterwards sold the property to J. E. Barnhill, who was paying Clampitt for the same. He deceived defendant in error as to the building, and within two years after the fraud was discovered, or could have been discovered by reasonable diligence, it brought the suit. The confidence of defendant in error in Clampitt lulled it into security and prevented discovery of his fraud at an earlier date. The jury found all the necessary facts which are supported by the statement of facts. The evidence clearly showed that Clampitt perpetrated a fraud upon defendant in error and appropriated lumber and other material in the erection of a house for himself, and caused defendant in error to believe that the material had been used for one Barker, who had secured the claim by a lien. It is a clear case of trust and confidence abused and a wrong perpetrated against the trusting employer.

The petition did not show on its face that the action was barred by limitation, but, on the other hand, showed that Clampitt had deceived defendant in error and caused delay in instituting the suit. The first, second, third, fourth, fifth, sixth, seventh, eighth, tenth, and the subsidiary propositions are overruled. The court presented every issue in the case to the jury, and they answered them all under the evidence.

The jury found that concealment and fraud were used to delay the suit and that there was no negligence upon the part of the lumber company.

The judgment is affirmed.